### 10768

WILLIAMS *ET AL.* v. AMERICAN RY. EXPRESS CO.

(110 S. E. 125)

1. APPEAL AND ERROR—ON APPEAL FROM DEFAULT JUDGMENT, PRESUMED THAT COURT DIRECTED A VERDICT ON EVIDENCE WHICH DID NOT REQUIRE SUBMISSION TO JURY.—On appeal from default judgment, it will be presumed, in support of the regularity of the proceeding and in the absence of the testimony, that there was evidence from which the amount of the verdict could have been arrived at by the Court without submitting the case to the jury.

2. CARRIERS—NOT LIABLE FOR MISREPRESENTATIONS AS TO PUBLISHED INTERSTATE RATES.—Under the Interstate Commerce Act (24 Stat. 379), and in view of the purpose thereof, to secure uniformity of rates an interstate shipper could not recover from an express company or its agent the damages sustained in shipping by express instead of by freight because of agent's misrepresentation as to the rates, since the rates had been published and shipper was presumed to have had knowledge thereof, and to allow recovery would permit evasion of the Act by reducing the published rates by recoupment.

Before MAULDIN, J., Berkeley, December, 1920. Reversed.

Action by J. Russell Williams and C. P. Ballentine against American Railway Express Co. et al. Defendants defaulted and on motion Judge Bowman allowed them ten days to answer. No answer was filed within this time, but some time thereafter notice was given of an oral demurrer.

From order refusing to hear such demurrer the defendants appeal.

*Mr. Norval N. Newell,* for appellants, cites: *Demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action may be interposed at any time even after default:* Sec. 198 Code Civ. Proc. 1912; 50 S. C., 310; 89 S. C., 483; 6 Enc. Pl. & Pr., 129; 23 Cyc., 740, 752, 764. *Shipment was an interstate one and regulated by Acts of Congress:* 90 S. C., 241. *No recovery for misstatement of lawful rates:* 111 S. C., 31; 95 S. C., 427; 65 L. Ed. (U. S.) 603.

*Messrs. Wolfe & Dennis* and *Octavus Cohen,* for respondents, cite: *Appellants had lost standing in Court by failure to comply with the Bowman order:* 111 S. C., 333; 113 S. C., 365; 115 S. C., 464. *If any cause of action is stated complaint is not demurrable:* 13 S. C., 439; 70 S. C., 499; 12 S. C., 1.

December 13, 1921.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action for $650.00 damages on account of misrepresentation by the agent of the express company, as to the express rates upon a shipment of potatoes from St. Stephens, S. C., to New York City. Directed verdict on default in favor of plaintiffs for $600.50. The defendants appeal.

The complaint alleges, in substance, as follows:

That on June 3, 1920, the plaintiffs shipped by express from St. Stephens, S. C., 212 barrels of potatoes, consigned to A. E. Meyer & Co., New York City; that upon inquiry of the agent of the express company at St. Stephens, S. C., as to the rates by freight and by express the plaintiffs were informed that the difference would not be in excess of 22 cents per barrel; that they relied upon said representation, and shipped the potatoes by express; that if they had not

been incorrectly informed as to said rates, they would have shipped by freight; that they lost in the difference by freight and by express $650.00. Action commenced June 30, 1920.

The defendant made default in answering the complaint, and on August 30, 1920, after notice obtained from Judge Bowman an order granting them leave to answer the complaint within ten days, upon payment of $20.00 to plaintiffs' attorneys and the costs. The defendants did not comply with the terms of Judge Bowman's order, but on October 19, 1920, served notice of a demurrer to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action in that the freight rates and the express rates between said points are duly filed with the Interstate Commerce Commission, pursuant to Acts of Congress, are thereby fixed by law, and constitute notice alike to the shipper and the carrier, both of whom are bound thereby, so that neither the carrier nor its agent is liable in damages as a matter of law for misrepresentations as to the rates and tariffs.

Upon the call of the case before Judge Mauldin at December term the plaintiff's counsel objected to the hearing of the demurrer upon the ground that the defendants had elected to go in default after the granting of the order, on terms, by Judge Bowman and had no standing in Court or right to be heard. Judge Mauldin sustained the objection, and passed an order refusing to hear the demurrer upon the ground that the defendants were in default. Thereupon a jury was empaneled, and after hearing the plaintiffs' testimony, the Circuit Judge directed a verdict in their favor for $600.50.

After the entry of judgment upon this verdict the defendants appealed upon two exceptions: The first charges error in refusing to hear the demurrer, and the second in directing a verdict in favor of the plaintiffs, for the reason

that the complaint shows upon its face facts insufficient to constitute a cause of action.

From the view which we take of the second exception, it will not be necessary to consider the first exception. The appeal will therefore be considered simply as one from a judgment by default.

In the case of *Gadsden v. Home Fertilizer Co.,* 89 S. C., 483; 72 S. E., 15, it is held that a default does not admit that the facts pleaded are sufficient to constitute a cause of action, and that, if it does not, any judgment entered thereon, except one of dismissal of the complaint, goes beyond the allegations of the complaint and should be reversed on appeal. That case really goes further than we are required to go in the case at bar; for there a cause of action was stated in the complaint, but the default verdict and judgment were set aside upon the ground that the complaint counted upon general damages, and a recovery was permitted upon proof of special damages which were not alleged, sustaining the conclusion upon 6 Enc. Pl. & Pr., 120, and 23 Cyc., 740, 752, 764:

"And so, if the complaint states facts which entitle plaintiff only to a certain kind of relief, or to relief only to a certain extent, a judgment by default, giving a different kind of relief or relief as to greater extent, is without authority of law, and cannot be sustained."

The testimony is not set out in the record; but, in view of the allegations of the complaint and of the direction of a verdict by the Circuit Judge, we must assume that there was evidence of both the freight rates and the express from St. Stephens to New York, the amount of the verdict, $600.50, representing the difference, which, of course, could not have been arrived at except by a comparison of those rates; otherwise, under the Gadsden case, *Cable Co. v. Duncan,* 92 S. C., 373; 75 S. E., 552, and *Duncan v. Duncan,* 93 S. C., 487; 76 S. E., 1099, the Circuit Judge was in error in directing a verdict upon an issue

which should have been submitted to the jury. We assume the presentation of this evidence under the presumption of regularity in a judicial proceeding.

In 10 C. J., 429, it is said:

"Under the provisions of the Interstate Commerce Act common carriers are required to file with the Interstate Commerce Commission their schedule of rates for interstate shipments of freight, and also to publish the same."

In the case of *Tribble v. Express Co.,* 111 S. C., 31; 96 S. E., 712:

"We must presume that the company was conducting its business according to the acts of Congress [regulating Interstate Commerce]."

The great purpose of the Commerce Act was to secure uniformity of rates under like conditions to every shipper, to prevent a system of rebates and special accommodations, which had attained a degree of discrimination that amounted to oppression to certain communities and shippers. It is clear that if an action for damages against a carrier or its agent for a misrepresentation of the published rates should be allowed, the favored shipper would recoup in damages the difference between the published rate and the rate represented, and the purpose of the Act defeated.

In the case of *Aldrich v. R. Co.,* 95 S. C., 427; 79 S. E., 316, the Court says:

"No error in quoting a rate which has been filed with the Commission and published will be allowed to prevent a carrier from collecting the correct rate applicable to an interstate shipment. *Gulf, Etc., R. Co. v. Hefley,* 158 U. S., 98; 339 L. Ed., 910. *Texas, Etc., R. Co. v. Mugg,* 202 U. S., 242; 50 L. Ed., 1011. *Texas R. Co. v. Abilene Cotton Oil Co.,* 204 U. S., 426; 51 L. Ed., 553. Such an error is not binding upon either carrier or shipper, because both are presumed to know the correct rate. *United States v. Miller,* 223 U. S., 559; 56 L. Ed., 569. *Chicago, Etc.,*

*R. Co. v. Kirby,* 225 U. S., 155; 56 L. Ed., 1033. *Adams Express Co. v. Croninger,* 226 U. S., 491; 67 L. Ed., 314, decided January 6, 1913. *Kansas City Southern R. Co. v. Carl,* 227 U. S., 639; 33 Sup. Ct., 397; 57 L. Ed., 683, decided March 10, 1913. Nor does such an error subject a carrier to liability for damages resulting from any action taken by an intending shipper in reliance upon the quoted rate. *Illinois Central R. Co. v. Henderson Elevator Co.,* 226 U. S., 441; 57 L. Ed., 290, decided January 6, 1913. In the Carl case the Court said: 'Neither the intentional nor accidental misstatement of the applicable published rate will bind the carrier or shipper. The lawful rate is that which the carrier must exact, and that which the shipper must pay. The shipper's knowledge of the lawful rate is conclusively presumed, and the carrier may not be required to surrender the goods carried, upon the payment of the rate paid, if that was less than the lawful rate, until the full legal rate has been paid. *Texas & Co. R. Co. v. Mugg, supra.* Nor is the carrier liable for damages resulting from a mistake in quoting a rate less than the full published rate. *Illinois C. R. Co. v. Henderson Elevator Co.,* 226 U. S., 441; 57 L. Ed., 290, decided January 6, 1913. Nor can a carrier legally contract with a particular shipper for an unusual service unless he make and publish a rate for such service equally open to all. *Chicago & C. R. Co. v. Kirby, supra.*' It follows, therefore, that if plaintiffs' right to recover had depended solely upon defendant's error in quoting the rate and on the action which he claims to have taken on the faith of the quoted rate, his complaint should have been dismissed."

The plaintiffs' contention, if sustained, would be equivalent to compelling the express company, by reason of the misrepresentation of its agent, to transport the shipment for the freight rate, plus 22 cents per barrel, which is admittedly less than the express rate fixed by the filed tariff, for that is the basis of their claim. As is held by the Court

in *Pittsburg Co. v. Fink,* 250 U. S., 577; 40 Sup. Ct., 27; 63 L. Ed., 1151:

"Instances of individual hardship cannot change the policy which Congress has embodied in the statute in order to secure uniformity in charges for transportation."

It was unquestionably a hardship upon the shippers in the case at bar; they were deceived by the misrepresentations of the agent; they sustained a clear loss of the difference between the express rate and the freight rate, plus 22 cents; but the duty upon them was as imperative to pay the published rate as upon the carrier to collect it; they are presumed in law to have known it, and they are in no worse plight than hundreds of other hapless shippers who have lost and uniformly been denied recoupment.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and the complaint be dismissed.