## 17971

ATLANTIC COAST LINE RAILROAD COMPANY, Respondent, v. Mary B. PARK, George Barrett Park and William John Park, individually and as partners in trade, doing business under the style and name of George W. Park Seed Company, Appellants.

(127 S. E. (2d) 622)

*Messrs. Mays & Mays,* of Greenwood, *for Appellants,*

*Messrs. Grier, McDonald, Todd, Burns & Bradford,* of Greenwood, *for Respondent,*

October 8, 1962.

BRAILSFORD, Justice.

This is an action by the respondent railroad company to recover from the appellants the difference between the freight rates erroneously quoted and charged on three interstate shipments of sphagnum moss and the lawful rates published by it and connecting carriers and approved by the Interstate Commerce Commission. The first shipment was received on October 6, 1958, and the last on May 28, 1959. The railroad company first notified the appellants of the error on December 7, 1959. In the meantime, a fire loss of one shipment had been settled and the remainder sold at retail. Both the settlement and sales prices took into account the misquoted freight rate. The appellants counterclaimed for their consequent loss, alleging the misquotation, their reliance upon it, and the negligence of the railroad company in failing for an unreasonable time to correct its error. This appeal is from an order of the circuit court holding that the counterclaim does not state facts sufficient to constitute a cause of action.

The judgment below was clearly required by our own decisions and by the overwhelming weight of authority in this country. *Aldrich v. Southern Railway Company,* 95 S. C. 427, 79 S. E. 316; *Williams v. American Ry. Express Co.,* 118 S. C. 121, 110 S. E. 125; *Anderson v. Atlantic Coast Line R. Co.,* 163 S. C. 350, 161 S. E. 523; *Pettibone v. Richardson,* 7 Cir., 126 F. (2d) 969, and the authorities therein cited.

The *Williams case, supra,* was for damages for the misquotation of the express rates on an interstate shipment of potatoes. In holding that the complaint failed to state a cause of action, the court said:

"The great purpose of the Commerce Act was to secure uniformity of rates under like conditions to every shipper, to prevent a system of rebates and special accommodations, which had attained a degree of discrimination that amounted to oppression to certain communities and shippers. It is clear that if an action for damages against a carrier or its agent for a misrepresentation of the published rates should be allowed, the favored shipper would recoup in damages the difference between the published rate and the rate represented, and the purpose of the act defeated.

\* \* \*

"It was unquestionably a hardship upon the shippers in the case at bar; they were deceived by the misrepresentations of the agent; they sustained a clear loss of the difference between the express rate and the freight rate, plus 22 cents; *but the duty upon them was as imperative to pay the published rate as upon the carrier to collect it; they are presumed in law to have known it,* and they are in no worse plight than hundreds of other hapless shippers who have lost and uniformly been denied recoupment." (Italics added.) *Williams et al. v. American Ry. Express Co. et al.,* 118 S. C. 121, 110 S. E. 125.

The *Pettibane case, supra,* involved a counterclaim by the shipper, in an action by a railway company to recover un-

dercharges on shipments of livestock, for damages resulting from the misquotation of rates. In holding that a verdict should have been directed against the shipper, the court said:

"It is clear that the defendant, having sold the livestock on a cost-plus basis, has suffered a loss, but the decisions are definite to the effect that under the present state of facts the railroad is not liable for this loss. * * *

"* * * The defendant is conclusively presumed to know the proper rates. *Louisville & Nashville Railroad Co. v. Maxwell,* 237 U. S. 94, 97, 98, 35 S. Ct. 494, 59 L. Ed. 853, L. R. A. 1915E, 665, *supra; Kansas City Southern R. Co. v. Carl,* 227 U. S. 639, 653, 33 S. Ct. 391, 57 L. Ed. 683; *Chicago & Alton R. R. v. Kirby,* 225 U. S. 155, 166, 32 S. Ct. 648, 56 L. Ed. 1033, Ann. Cas. 1914 A, 501. Therefore, the defendant had no right to rely on the railroad's quotation of rates, and no failure of duty on the part of the railroad renders it liable for defendant's loss. * * *" *Pettibone et al. v. Richardson,* 7 Cir., 126 F. (2d) 969.

The attempt by resourceful counsel to circumvent these decisions by charging that the railroad company was negligent in failing to correct its error in quoting rates must fail. The misquotation and claimants' reliance upon it are of the essence of the counterclaim. Absent the right of reliance, the cause of action fails, whether based on the misquotation or the delay in correcting it.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BUSSEY, JJ., concur.