18077 .

Henry E. FORE, Appellant, v. UNITED INSURANCE COMPANY
OF AMERICA, Respondent

(131 S. E. (2d) 508)

*Messrs. McLaurin & McLaurin,* of Dillon, *for Appellant,*

452

*Messrs. Willcox, Hardee, Houck, Palmer & O'Farrell,* of Florence, *for Respondent,* 

June 5, 1963.

TAYLOR, Chief Justice.

This is an appeal from an Order setting aside a judgment obtained by plaintiff by default on the grounds said judgment was taken against defendant by reason of a mistake on its attorneys' part as to the time in which to answer.

The action was commenced against the defendant, a foreign insurance company with home offices in Chicago, Illinois, by filing of the summons and complaint and acceptance of service by the State Insurance Commissioner on January 12, 1961. Several days thereafter in a telephone conversation, defendant was granted a 20 day extension of time beyond the statutory period in which to plead. This extension was confirmed by letter to defendant dated January 25, 1961. The expiration day was thus established as February 21, 1961. Judgment by default was entered on February 27,

1961, and notice of motion to set aside the judgment was served on February 28, 1961.

It appears by affidavit of defendant's local attorney that there was a mistake as to the extension agreement and that he was under the impression that a 20 day extension from February 11th had been granted, making the expiration date for filing pleadings March 2. Judge Lewis found that defendant's counsel acted with the utmost expedition, were endeavoring to fully protect the interest of their client, and that there exists a meritorius defense to the action.

Judge Lewis, by Order dated March 3, 1961, set aside the default judgment obtained by plaintiff and allowed the answer to be filed pursuant to Section 10-1213, Code of Laws of South Carolina, 1962, which provides in part:

"The court may, in its discretion and upon such terms as may be just, at any time within one year after notice thereof relieve a party from judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect * * *."

A motion made under the above section is addressed to the sound discretion of the Court and where, as here, the Court orders a default judgment vacated and allows pleading after the statutory time limit, the Appellant in order to prevail in this Court must show that there was a clear abuse of discretion by the trial Judge. *Williams v. Ray*, 232 S. C. 373, 102 S. E. (2d) 368.

"The power conferred upon Courts to relieve parties from judgments taken against them by reason of their mistake, inadvertence, surprise, or excusable neglect should be exercised by them in the same liberal spirit in which the Code section was designed,—in furtherance of justice and in order that cases may be tried and disposed of upon their merits. *Ex parte Union Mfg. & Power Co.*, 81 S. C. 265, 62 S. E. 259, 128 Am. St. Rep. 908. When, therefore, a party makes a showing of such mistake, inadvertence, surprise, or excusable neglect, applies promptly for relief, after he has notice

of the judgment, shows by his affidavit of merit that *prima facie* he has a meritorious defense, and that he makes the application in good faith, a Court should not hesitate to set aside the default and allow him to serve an answer, upon such terms as may be just under all the circumstances of the case." *Gaskins v. California Ins. Co.,* 195 S. C. 376, 11 S. E. (2d) 436.

In the case of *Marthers v. Hurst,* 226 S. C. 621, 86 S. E. (2d) 581, in which motion was made to set aside a default judgment, this Court stated:

"The motion to vacate was made under Section 10-1213 of the 1952 Code which permits the Court, in its discretion, at any time within one year after notice thereof, to relieve a party from a judgment or other proceedings 'taken against him through his mistake, inadvertence, surprise or excusable neglect.' It is well established that a motion of this kind is addressed to the sound discretion of the Circuit Judge whose ruling will not be disturbed in the absence of a clear showing of abuse of discretion. *Poston v. State Highway Department,* 192 S. C. 137, 5 S. E. (2d) 729; *Pruitte v. Burns,* 212 S. C. 325, 47 S. E. (2d) 785. It is equally well settled that it is incumbent upon the party seeking relief under this section to show (1) that the judgment was taken against him 'through his mistake, inadvertence, surprise or excusable neglect'; and (2) that he has a meritorious defense. *Savage v. Cannon,* 204 S. C. 473, 30 S. E. (2d) 70."

In *Simon v. Flowers,* 231 S. C. 545, 99 S. E. (2d) 391, in which this Court affirmed the trial Judge in refusing the motion of the defendant for permission to answer upon the ground that his default had been occasioned by mistake and excusable neglect, we find the following:

"Section 10-609 of the 1952 Code provides that 'the court may, in its discretion and upon such terms as may be just, allow an answer or reply to be made or other act to be done after the time limited by this Code * * *' Discretionary power under this section is vested in the trial, not the appellate, court. In an appeal from such an order of the circuit

court it is not our function, nor is it within our power, to substitute our judgment for that of the circuit judge simply because we might have reached a different conclusion had we been in his place. *Bishop v. Jacobs,* 108 S. C. 49, 93 S. E. 243; *Morgan v. State Farm Mutual Insurance Co.,* 229 S. C. 44, 91 S. E. (2d) 723. Our appellate jurisdiction in law cases is limited, by the express language of Article V, Section 4 of the Constitution of 1895, to 'the correction of errors at law'.

"As applied to a circuit court order under Section 10-609 either granting or refusing leave to answer after the expiration of the time limited by law, 'error at law' exists: (1) when the circuit judge, in issuing it, was controlled by some error of law (*e. g.* erroneous construction of a written agreement extending the time for answering, *McSween v. Windham,* 77 S. C. 223, 57 S. E. 847); or (2) where the order, based upon factual, as distinguished from legal, considerations, is without adequate evidentiary support. *Buttz v. Campbell,* 15 S. C. 614; *LeConte v. Irwin,* 19 S. C. 554; *Drummond v. Edwards,* 126 S. C. 435, 120 S. E. 366.

"The three cases last cited were concerned with the opening of default after judgment (Code 1952, Section 10-1213); but the same principles govern our review of circuit court orders under Section 10-609 as under that section. *Morgan v. State Farm Mutual Insurance Co., supra.* Applying them to the case at bar, we are unable to find abuse of discretion in the issuance of the order under appeal."

Before being entitled to relief in this Court from an Order vacating a default judgment, plaintiff must by proper exception allege and show to our satisfaction that the trial judge clearly abused his discretion. The exceptions taken by plaintiff to Judge Lewis' Order do not charge the trial Judge with abuse of discretion, the only grounds by which such an Order is reviewable before this Court. We, therefore, are of opinion that the Order appealed from should be affirmed; and it is so ordered.

Affirmed.

Moss, J., concurs.

Bussey and Brailsford, JJ., and Legge, Acting J., concur in result.

Lewis, J., not participating.

Legge, Acting Justice (concurring in result).

None of the sixteen exceptions charges "abuse of discretion" in those words; but several allege, in substance, that the order under appeal was without evidentiary support. Since the order was based upon factual, as distinguished from legal, considerations, I think that such exceptions are sufficient to warrant our review of it. *Morgan v. State Farm Mutual Insurance Co.,* 229 S. C. 44, 91 S. E. (2d) 723; *Simon v. Flowers,* 231 S. C. 545, 99 S. E. (2d) 391.

Considering the appeal on its merits, I have no difficulty in concluding that the judgment should be affirmed. From the affidavit of defendant's local counsel, in evidence below the following facts appear:

Under date February 14, 1961, defendant's general counsel in Chicago forwarded the summons and complaint to local counsel in Florence, S. C., for handling, with a letter advising that the time for answering had been extended for twenty days beyond February 11, 1961. The date thus stated was the result of a clerical error, the extension of time having actually been for twenty days beyond February 1, *i. e.,* to February 21. Local counsel received this letter on February 16, and on the same day wrote to plaintiff's counsel in Dillon, S. C., advising: that he represented the defendant; that he would serve responsive pleading at a later date, understanding, unless otherwise advised, that this would be agreeable; and that plaintiff's counsel could proceed to docket the case at the expiration of twenty days from date of service, noting on the record counsel's representation of the defendant. He thereupon prepared the answer and on February 17 forwarded it to defendant's home office for verification. It was promptly verified, was mailed back to him on February 20, and was received by him in due course. He

thereupon, on February 23, wrote to plaintiff's counsel, enclosing the answer and a notice of motion. This letter and its enclosures were mailed on Friday, February 24; they were returned, with letter from plaintiff's counsel dated February 27.

It appears by affidavit of plaintiff's counsel that the letter of February 16 before mentioned, from defendant's local counsel, never reached him, and that the letter of February 23 was not received until February 27. Plaintiff's counsel commendably states also in his affidavit that he has never entered judgment by default against anyone whom he has known to be represented by counsel, and that had he received the letter of February 16 he would have replied to it or gotten in touch with defendant's local counsel immediately.

It will be noted that the summons and complaint were received by defendant's local counsel several days before the expiration date actually agreed upon between plaintiff's counsel and defendant's general counsel, a circumstance that distinguishes this case from *Morgan v. State Farm Mutual Insurance Co., supra.* It will be further noted that but for the apparent miscarriage of the letter of February 16 (still well within the agreed time for answering) from defendant's local counsel to plaintiff's counsel, the latter would not have taken judgment by default. These circumstances, coupled with the fact that by a clerical error the date to which time for answering had been extended was noted as twenty days after February 11, instead of after February 1, afforded ample evidentiary support for the order under appeal.

I am of course in full accord with appellant's argument that extension of time could not have been effected by the statement of defendant's local counsel, in his letter of February 16, to the effect that he would serve the answer at a later date and would, unless advised to the contrary, understand that this would be agreeable to plaintiff's counsel. Such an *ex parte* statement would constitute merely a proposal or request and would, of itself, furnish no basis for the conclu-

sion, before announced, that the judgment under appeal should be affirmed.

Bussey and Brailsford, JJ., concur.