### 20445

B. W. BLAKELY, Respondent, v. Sterrick WRIGHT, Appellant.

(235 S. E. (2d) 803)

*Franklin R. Dewitt, Esq.,* of Conway, *for Appellant,*

*Gordon B. Jenkinson, Esq.,* of Kingstree, *for Respondent,*

June 6, 1977.

RHODES, Justice:

This appeal is from an order of the judge of the Willamsburg County Civil Court refusing to vacate a default judgment entered for Plaintiff in this action. We affirm the refusal to vacate the default judgment but reverse the court's award of punitive damages.

Plaintiff commenced this action in claim and delivery for the recovery of twenty-one (21) hogs. On January 5, 1976, Plaintiff served Defendant with Summons, Complaint, Affidavit in Claim and Delivery, and Notice of Right to Preseizure Hearing. Defendant timely demanded a preseizure hearing under S. C. Code § 10-2504 (1975 Cum. Supp.) [1] but did not serve an Answer. [2]

---

[1] Section 10-2504. *Notice of right to preseizure hearing.* The plaintiff shall attach to the affidavit a notice of a right to a preseizure hearing which shall notify the defendant that within five days from service thereof, he may demand such hearing by notifying the clerk of court in writing and present such evidence touching upon the probable validity of the plaintiffs' claim for immediate possession, and defendant's right to continue in possession.

[2] Defendant takes the position on appeal that he reserved the right to answer until after the preseizure hearing could be held.

The presizure hearing was scheduled for February 4, 1976, at 10:30 a.m., before the judge of the County Civil Court. Council for Defendant was given ample notice of the date and time of the hearing. On the morning of the hearing, counsel made several unsuccessful attempts to contact the trial judge by telephone to advise the court that he would be unable to attend. Counsel's reason was that he was involved in trying criminal cases in the Court of General Sessions of Marion County on the same morning and at the same hour as the presizure hearing.

Counsel, being unable to contact the trial judge, telephoned the clerk of court and informed her of his dilemma. Counsel requested the clerk to deliver this message to the trial judge when he reached the courthouse. When the judge did arrive, the clerk gave him counsel's message. The judge, however, proceeded to conduct the preseizure hearing as scheduled. Both defendant and his counsel were absent. Plaintiff, his counsel and Plaintiff's witnesses were in attendance. At the conclusion of the hearing, the trial judge ordered the sheriff to seize the claimed property and deliver it to Plaintiff. Defendant excepted to the court's seizure order and moved to vacate it. This motion was denied in an order dated February 16, 1976.

Of the twenty-one (21) hogs Plaintiff demanded in his Complaint, the sheriff recovered only five (5). Plaintiff subsequently moved for default judgment based on Defendant's failure to answer. Counsel for Defendant was notified of the default hearing by certified letter. This letter was receipted for by counsel's secretary on April 1, 1976. Counsel was advised in the letter that the hearing was scheduled for April 7, 1976.

On the day of the default hearing, neither defense counsel nor Defendant appeared in court. Counsel attached a letter-exhibit to the Appellant's Brief from a Dr. Lewis Ramseur of Conway. The letter states that counsel was present in Dr. Ramseur's office on the morning of April 7, and was im-

mediately admitted to the hospital where he remained until April 10, 1976. This constitutes counsel's reason for his failure to appear at the April 7th default hearing.

In an order dated April 12, 1976, the trial judge entered default judgment for Plaintiff. Defense counsel subsequently served notice that he would move to vacate the default judgment. This motion was based on S. C. Code § 10-1213 (1962). [3] On May 14, 1976, the trial judge denied Defendant's Motion to Vacate the default judgment decree of April 12.

At no time during any stage of the proceedings in this case up to and including the date of the default decree did Defendant serve an answer, even though a period of almost two months elapsed between the preseizure hearing and the default hearing. The statute authorizes the court in its discretion to relieve a party from a default judgment if it was taken against him through his inadvertence or excusable neglect. Additionally, the moving party must have and present a meritorious defense. *See Hodges v. Fanning,* 266 S. C. 517, 224 S. E. (2d) 713 (1976). In Defendant's Notice to Vacate the default judgment, it is stated that "counsel had issued his Preseizure Hearing notice and was waiting for the hearing when he was called to court in another County; that counsel had intentions of serving the enclosed Answer after his Honor ruled on the taking of the property *but during the confusion of the hearing counsel inadvertently neglected to do so.*" [emphasis added]. Nothing more is advanced in support of the contention that the default judgment was taken against Defendant through excusable neglect. The statement quoted hardly qualifies as the kind of excusable neglect which Defendant is required to show. *See Ledford v. Pennsylvania Life Ins. Co.,* S. C., 230 S. E. (2d) 900 (1976).

---

[3] Section 10-1213 provided in pertinent part that "[t]he court may, in its discretion and upon such terms as may be just, at any time within one year after notice thereof relieve a party from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect . . ."

Moreover, it is well-settled that the court's decision whether to open a default judgment will not be disturbed on appeal unless the appellant clearly shows an abuse of discretion. *Fore v. United Ins. Co. of America,* 242 S. C. 451, 131 S. E. (2d) 508 (1963). Under the facts of the instant case, there having been no showing of excusable neglect, it cannot be said that the court abused its discretion. *Poston v. State Highway Department,* 192 S. C. 137, 5 S. E. (2d) 729 (1939). It is not necessary, therefore, to consider whether Defendant had a meritorious defense. *Hodges v. Fanning, supra.* Given this conclusion, it is also unnecessary to consider Defendant's contention that the Court erred in failing to give Defendant a second opportunity to appear at a preseizure hearing.

We consider next the question of whether the trial judge acted without authority in granting Plaintiff punitive damages in the amount of $1,800. [4]

In the default judgment decree, the court stated the following:

"I find as a fact that the value of the hogs which the Plaintiff was unable to recover is in the sum of Eighteen Hundred ($1800.00) Dollars.

"I find as a fact that the Defendant actually stole the Plaintiff's hogs having knowingly obtained them from a neighbor when he knew they were not his. In the light of this circumstance, I think that punitive damages should be assessed and therefore I find as a fact that the Plaintiff is entitled to recover the sum of Eighteen Hundred ($1800.00) Dollars as punitive damages against the Defendant. . . ."
The court then proceeded to award Plaintiff $1,800 actual damages and $1,800 punitive damages.

Our opinion is that the trial judge acted without authority and thereby committed reversible error when he awarded Plaintiff punitive damages. Our decision

_____
[4] We raise the issue *sua sponte.*

12

is governed by the principles set forth in *Hopkins v. Hopkins,* 266 S. C. 23, 221 S. E. (2d) 113 (1975) and the cases cited therein. In *Hopkins* we held that a default judgment rendered contrary to statute [5] providing that relief granted to a plaintiff (if there is no answer) cannot exceed that demanded in the complaint, is irregular. A defendant who is in default for failure to answer has the right to assume that the judgment will be limited to the cause of action stated in the complaint. If the complaint states facts which entitled the plaintiff only to a certain kind of relief, or to relief only to a certain extent, a judgment by default giving a different kind of relief, or relief to a greater extent, is without authority of law and cannot be sustained.

While a complaint need not contain a specific plea for punitive damages by name, the allegations must contain sufficient ultimate facts which, if proved, would justify the award of such damages. *Tucker v. Reynolds,* S. C., 233 S. E. (2d) 402 (filed March 18, 1977); 25 C. J. S. Damages § 133.

In the case at bar, Plaintiff alleged only that Defendant "wrongfully and unlawfully detains" the hogs. There was no pleading of facts to the effect that Defendant took the hogs wilfully, maliciously, or by collusion. Moreover, the record does not indicate what evidence there was tending to prove any such misconduct. *See* 77 C. J. S. Replevin § 262 and § 285. Therefore, we find it necessary to reverse the lower court's award of punitive damages.

Affirmed in Part; Reversed in Part.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.

---

[5] *See* S. C. Code § 10-1506 (1962).