**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Portundo M. Kimble, as Personal Representative of the Estate of Devon Enrique Kimble, Deceased, Appellant/Respondent,

v.

Jays Bar and Grill, LLC, Respondent/Appellant.

Appellate Case No. 2024-002074

———————

Appeal From Richland County
Thomas William McGee, III, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-318
Heard March 3, 2026 – Filed June 24, 2026

———————

**AFFIRMED**

———————

Ronald L. Richter, Jr., of Bland Richter, LLP, of Charleston, and Eric Steven Bland, of Bland Richter, LLP, of Lexington, both for Appellant/Respondent.

Ryan C. Holt, Brian Lincoln Craven, and Daniel Quintin Atkinson, all of Sweeny Wingate & Barrow, P.A., of Columbia, for Respondent/Appellant.

———————

**PER CURIAM:** In this cross-appeal, Portundo M. Kimble, on behalf of the estate of his deceased son, Devon Enrique Kimble, appeals the circuit court's decision declining to award damages after a default judgment. Kimble argues (1) South Carolina's failure to recognize first-party dram-shop liability does not bar Kimble's cause of action for negligence in hiring, training, and supervision and (2) the circuit court's award of zero damages for failure to bring a recognized cause of action disturbs two prior denials of Jay's Bar and Grill's (Jay's) motions for relief from the entry of default by the circuit court. Jay's argues (1) the circuit court erred in entering default based on publication because Kimble failed to bring a recognized cause of action and (2) alternatively, the circuit court erred in entering default because good cause existed to set the entry of default aside. We affirm.

1. The circuit court did not err in declining to award damages based on Kimble's claim for negligent hiring, training, and supervision because South Carolina does not recognize this cause of action arising out of first-party dram-shop liability. *See Lydia v. Horton*, 355 S.C. 36, 41, 583 S.E.2d 750, 753 (2003) ("At common law in American courts, a tavern owner could not be held civilly liable for injuries caused by an over served, intoxicated patron."). Kimble points to no authority, and we are unable to locate any, to support the proposition that separate common law causes of action survive South Carolina's public policy bar to first-party dram-shop liability. *See id.* at 42, 583 S.E.2d at 754 ("The essence of [*Lydia*] and [*Tobias v. Sports Club, Inc.*,[1]] are the same, for in both cases, the plaintiff, who was voluntarily intoxicated when the accident occurred, is attempting to deflect the responsibility that should be imposed upon himself towards another.").

2. The circuit court did not abuse its discretion by declining to award damages after the entry of default. *See Austin v. Specialty Transp. Servs., Inc.*, 358 S.C. 298, 310, 594 S.E.2d 867, 873 (Ct. App. 2004) (noting a trial court has considerable discretion over the amount of a damages award, and appellate review of an award limits this court to correct errors of law). Kimble failed to present a recognized cause of action entitling him to a damages award. *See Blakely v. Wright*, 269 S.C. 6, 12, 235 S.E.2d 803, 806 (1977) ("A defendant who is in default . . . has the right to assume that the judgment will be limited to the cause of action stated in the complaint."); *see also Williams v. Am. Ry. Express*, 118 S.C. 121, 124, 110 S.E. 125, 126 (1921) ("[I]f the complaint states facts which entitle plaintiff only to a certain kind of relief, or to relief only to a certain extent, a judgment by default, giving a different kind of relief or relief as to greater extent, is

---

[1] 332 S.C. 90, 504 S.E.2d 318 (1998).

without authority of law, and cannot be sustained." (quoting *Gadsden v. Home Fertilizer & Chem. Co.*, 89 S.C. 483, 487, 72 S.E. 15, 17 (1911))).

3.  The circuit court did not abuse its discretion by declining to set aside the entry of default based on publication.  *See Sundown Operating Co. v. Intedge Indus., Inc.*, 383 S.C. 601, 606, 681 S.E.2d 885, 888 (2009) ("The decision whether to set aside an entry of default or a default judgment lies solely within the sound discretion of the trial judge.  The trial court's decision will not be disturbed on appeal absent a clear showing of an abuse of that discretion." (citation omitted)).  The record supports the grant of the order for service by publication because Kimble made several unsuccessful attempts to effectuate service and appeared to present a cause of action against Jay's.  *See* S.C. Code. Ann. § 15-9-710 (2005) ("When the person on whom the service of the summons is to be made cannot, after due diligence, be found within the [s]tate, and (a) that fact appears by affidavit to the satisfaction of the court or judge thereof, the clerk of the court of common pleas . . . of the county in which the cause is pending and (b) it in like manner *appears that a cause of action exists against the defendant* in respect to whom the service is to be made . . . the court, judge, [or] clerk . . . may grant an order that the service be made by the publication of the summons . . . ." (emphasis added)).

4.  The circuit court did not abuse its discretion by denying Jay's motion to set aside the entry of default for good cause shown.  *See Sundown*, 383 S.C. at 606, 681 S.E.2d at 888 ("The decision whether to set aside an entry of default or a default judgment lies solely within the sound discretion of the trial judge.  The trial court's decision will not be disturbed on appeal absent a clear showing of an abuse of that discretion." (citation omitted)).  The record supports the circuit court's determination that Jay's provided unsatisfactory explanations for default as Kimble attempted service in both Richland and Horry counties at varying times.  *See id.* ("The trial court need not make specific findings of fact for each [*Wham v. Shearson Lehman Bros.*[2]] factor if there is sufficient evidentiary support on the record for the finding of the lack of good cause." (citation omitted)); *id.* at 607, 681 S.E.2d at 888 ("The standard for granting relief from an entry of default under Rule 55(c) is mere 'good cause.'" (quoting Rule 55(c), SCRCP)); *id.* ("This standard requires a party seeking relief from an entry of default under Rule 55(c) to provide an explanation for the default and give reasons why vacation of the default entry would serve the interests of justice.")

---

[2] 298 S.C. 462, 381 S.E.2d 499 (Ct. App. 1989).

**AFFIRMED.**

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**