### WILLIAM H. REED *vs.* HORACE M. WEST.

If the owner of land, who uses a way over the land of another to reach a highway, makes a conveyance of his land, " with all his privileges to pass and repass to and from the highway;" and all subsequent conveyances of the same premises, for more than twenty years afterwards, refer to this conveyance for a more full description of the premises conveyed, and the successive owners continue during the whole time to use the way without interruption; a right of way is created by prescription over the intermediate land, even if one of such owners was at the same time a tenant in common of that land.

ACTION OF TORT for the obstruction of a way. Trial and verdict for the plaintiff in the superior court before *Morton,* J., who made a report of the case, the material part of which is stated in the opinion.

*C. I. Reed,* for the defendant, cited *Blossom* v. *Brightman,* 21 Pick. 283; *Dall* v. *Brown,* 5 Cush. 289; *Adam* v. *Briggs Iron Co.* 7 Cush. 361; *De Witt* v. *Harvey,* 4 Gray, 486; *Grant* v. *Chase,* 17 Mass. 443; *Holland* v. *Long,* 7 Gray, 486; *Ward* v. *Bartholomew,* 6 Pick. 409; *Melvin* v. *Proprietors of Locks & Canals,* 5 Met. 33; *Sawyer* v. *Kendall,* 10 Cush. 241.

*E. H. Bennett,* for the plaintiff.

CHAPMAN, J.  It appears that the way in question has existed from the plaintiff's close over that of the defendant to the highway, and been used without interruption for more than sixty years.  But the decision of the case does not require us to go back beyond February 1827.  At that time the executor of Shubael Peck conveyed the plaintiff's close to Noah Bliss, " with all the privileges that said deceased had to pass and repass to and from the highway."  Shubael Peck had used the way while he owned the close.  In January 1829 Bliss conveyed the land, and in 1856 it came to the plaintiff through several mesne conveyances, all of them, including the one from Bliss, referring to the deed to him for a more full description of the premises conveyed.  Whatever rights the several grantors have had in the way have thus been conveyed by their deeds, and have come to the plaintiff, and the use of the way has been continued till the spring of 1859.  There has thus been a user continued, under claim of title, long enough to establish a right by prescription.

But when Noah Bliss took his deed of the plaintiff's close, in February 1827, he was the owner of one undivided third part of the defendant's close; and continued to own it till the next May, when he conveyed it.  It is contended that this ownership created such a unity of title as to extinguish the right of way. The subsequent deeds and user under them would be a sufficient answer to this position.  But it is further to be considered that a unity of possession or right that extinguishes a prescriptive right must be such that the party should have an estate in the land *a qua* and in the land *in qua,* equal in duration, quality and all other circumstances of right.  *The King* v. *Hermitage,* Carth. 241.  Vin. Ab. Extinguishment, C.  *Thomas* v. *Thomas,*

2 Cr., M. & R. 34, and 5 Tyrwh. 804. *Ritger* v. *Parker*, 8 Cush. 145. The title of Bliss to one undivided third part of the defendant's close as tenant in common did not constitute such a unity, for it did not authorize him to set apart any portion of the close for a private way for himself, as if he had been sole owner; but his use of the way during the time of his tenancy in common must have been adverse to his co-tenants.

*Judgment on the verdict for the plaintiff.*