## GILLIAN v. GILLIAN.

JUDGMENT—DEFAULT—DEMURRER—MOTION.—The remedy against a judgment by default on ground that the complaint does not state facts sufficient to constitute a cause of action and because of irregularities therein, is not oral demurrer but a motion in the cause.

Before YOUMANS, special Judge, Saluda, May term, 1902. Affirmed.

Action in claim and delivery by M. L. Gillian against James L. Gillian. From order refusing permission to demur to complaint after default and judgment for plaintiff, defendant appeals.

*Mr. B. W. Crouch,* for appellant, cites: *Error for Judge not to allow oral demurrer to complaint:* 5 S. C., 10; 11 S. C., 409; 17 S. C., 412; 18 S. C., 495; 24 S. C., 34; 29 S. C., 64. *Case could not go to jury on Calendar 3:* Code, 276, 283.

*Mr. J. N. O. Gregory,* contra.

January 19, 1903. The opinion of the Court was delivered by

MR. JUSTICE GARY. The facts of this case are thus stated in the argument of the appellant's attorney: "This case is what is known as a claim and delivery. The summons, complaint and affidavit were served by the sheriff on the defendant-appellant, and the property taken into his custody on February 3, 1902. Two days later, defendant-appellant gave bond and took the property in question back into his custody. Afterward, on May 7, 1902, appellant by his attorney gave notice of his intention to move the Circuit Judge for permission to file an answer. This motion was heard on May 9, 1902, by his Honor, Leroy F. Youmans, special Judge, presiding at Saluda, S. C., at May, 1902, term. This motion was overruled and an order made denying

9—65

defendant-appellant the right to answer at that time. The case was then peremptorily called on calendar 1, whereupon counsel for defendant-appellant moved to strike said cause from said calendar 1, for the reason that it had been improperly and irregularly entered thereon, because there were no proper directions for docketing indorsed on the papers signed by the attorney for the plaintiff-respondent. This motion was sustained by the presiding Judge and the case was struck from calendar 1. The presiding Judge then proceeded to empanel a jury to try the case on calendar 3; where it had been properly docketed. After the jury was empanelled and sworn and the complaint had been read, the defendant-appellant, by his attorney, offered in writing to demur to the plaintiff's complaint on the ground that it did not state facts sufficient to constitute a cause of action. The Court refused even to hear the motion, stating that the defendant 'had no right to be heard except for the purpose of cross-examining such witnesses as might be produced by the plaintiff.' The case was then proceeded with and a verdict rendered for the plaintiff."

The appellant's exceptions are as follows:

"1. Because his Honor, Leroy F. Youmans, special Judge, erred in holding that the defendant when he· had failed to answer the complaint at the proper time, had no right to orally demur to the complaint of the plaintiff upon the ground that the complaint did not state facts sufficient to constitute a cause of action, when he should have held that the defendant had the right to orally demur upon this ground at any time before the jury had been charged and had retired to reach a verdict.

"2. Because his Honor erred in holding that the defendant having made default and having offered to enter an oral demurrer upon the ground that the complaint did not state facts sufficient to constitute a cause of action, that said defendant did not have a right to be heard 'except for purpose of cross-examination of such witnesses as might be offered for the plaintiff, and that the Court even doubted if

the defendant had this right,' when he should have held that the defendant had a right to demur on the ground as stated, but had no right of cross-examination.

"3. Because his Honor erred in empanelling a jury and charging them with this cause while docketed on calendar 3, in that a jury trial cannot be had when a cause is docketed on calendar 3, and on no other calendar.

"4. Because his Honor erred in allowing a jury to try this cause and render a verdict therein while it was docketed only on calendar 3.

"5. Because the verdict of the jury rendered is illegal and void in that (a) It was rendered in a cause docketed not on calendars 1 or 2, but on calendar 3 only; (b) It was written by the foreman upon the defendant's copy of the pleadings and not upon the original pleadings, which were in Court; (c) Because said verdict is not in the form prescribed by law in such cases, in that '$70.00' should have been written out and not expressed in figures."

We will first consider whether his Honor, the Circuit Judge, erred in refusing to allow the appellant to interpose an oral demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. Section 267 of the Code contains the following provisions: "Judgment may be had, if the defendant fail to answer the complaint, as follows: 1. In any action on contract the plaintiff may file proof of lawful service of summons and complaint on one or more of the defendants or of the summons, according to provision of section 151, and that no appearance, answer or demurrer has been served on him. It shall be the duty of the clerk to place all such cases on the default calendar, and said calendar shall be called the first day of the term. When the action is on a complaint for the recovery of money only, judgment may be given for the plaintiff by default, if the demand be liquidated; and if unliquidated and the plaintiff itemize his account and append thereto his affidavit, that it is true and correct, and no part of the sum sued for has been paid by discount or otherwise,

and a copy be served with the summons and complaint on the defendant, and the defendant shall neither answer, demur or serve notice of appearance, the plaintiff shall have judgment for the sum sued for as in the case of liquidated demands. But in case notice of appearance in an action has been given by or on behalf of a defendant, but no answer or demurrer has been or thereafter shall be served within the time required by law, the plaintiff, upon filing proof of such facts, shall have his judgment by default against such defendant in the same manner and with like effect as in cases where no notice of appearances has been given. In all other cases the relief to be afforded the plaintiff shall be ascertained either by the verdict of a jury or in cases in chancery by the Judge, with or without a reference, as he may deem proper. The order for judgment in such cases shall be indorsed upon or attached to the complaint."

In 6 Enc. of Pl. & Pr., 115-118, it is said: "The defendant, by waiving a contest and suffering a default to be taken against him, admits the truth of the allegations, set out in the plaintiff's declaration or complaint; and the same rule applies to a judgment final after overruling a demurrer. Hence the default authorizes the entry of any judgment warranted by the facts alleged. And, where the facts pleaded constitute a cause of action, the effect of the default is to establish it definitely. But the default does not admit that the facts pleaded are sufficient to constitute a cause of action, as the effect of the confession is limited to the material issuable facts, well pleaded in the declaration or complaint. Nor does it admit an allegation which constitutes a mere conclusion of law. The facts pleaded must accordingly be sufficient to form a legal basis for the judgment taken by default, or it will be reversed on appeal or set aside on proper application." To the same effect is the language found on page 122 of the said volume: "Where the pleadings of the plaintiff are defective, a default suffered by the defendant waives all informalities therein not going to the cause of

action. Defective allegations of a fact are cured by a default but not the entire absence of any allegation of fact."

Conceding the proposition that a party who suffers a judgment to be taken against him by default, does not waive the right to interpose the objection that the complaint does not state facts sufficient to constitute a cause of action, we proceed to consider whether a demurrer was the appropriate remedy to raise such objection. When a party allows a judgment to be taken against him by default, he is curtailed in the remedies which the law thereafter allows him to pursue. For instance, he cannot appeal to the Supreme Court from such judgment. *Odom v. Burch,* 52 S. C., 305, 29 S. E. R., 726; *White* v. *Coleman,* 38 S. C., 556, 17 S. E. R., 21; *Johnson* v. *Masters,* 49 S. C., 525, 27 S. E. R., 474; *Bryson* v. *Whilden,* 55 S. C., 465, 33 S. E. R., 558. It is well settled in this State that where a party desires to be relieved from a judgment which has been rendered against him by default on the ground of mistake, inadvertence or excusable neglect, his appropriate remedy is by a motion in the cause, under section 195 of the Code. *Odom* v. *Burch,* 52 S. C., 305, 29 S. E. R., 726; *Bryson* v. *Whilden,* 55 S. C., 465; 33 S. E. R., 558. In the case of *Roberts* v. *Pawley,* 50 S. C., 491, 27 S. E. R., 933, Mr. Chief Justice McIver not only shows that motion is the proper remedy when a party seeks to vacate a judgment by default, on the ground that it was rendered without authority of law, but likewise points out the distinction as to these motions. In that case he says: "If it should be said, as seems to be argued by counsel for respondents, that the motion should not have been granted because the defendant failed to show by affidavit that they had a meritorious defense, or that they had sustained any prejudice, the answer is that, while such a showing may be required, where the motion is to open a judgment by default upon the ground of some excusable mistake or negligence on the part of the defendants, no such showing is required where the judgment by default is sought to be set aside because entered without legal authority; for

the obvious reason that in the one case the defendant is asking the favor of the Court to be excused for his default, while on the other hand he is simply demanding his legal rights to be relieved from a judgment obtained by the plaintiff without pursuing the course prescribed by law." He quotes with approval the following language from 6 Enc. of Pl. & Pr., at page 151: "Where the default or judgment taken thereon is irregular, the appropriate remedy is a motion to vacate or set aside. Such a motion is a motion made in the cause, and is a direct and not a collateral proceeding." Of course, the party seeking to be relieved from a judgment by default must move with due diligence, and this fact is to be determined by the Circuit Judge in the exercise of his discretion under all the attending circumstances of the case. It was not error for his Honor, the Circuit Judge, to refuse to allow the appellant to raise the objection aforesaid by demurrer, and the exception raising this question is overruled.

The other questions raised by the exceptions are not properly before this Court for consideration. They should have been made the foundation of a motion in the cause to vacate the judgment by default on the ground of irregularity.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.