8010

## GADSDEN v. HOME FERTILIZER AND CHEMICAL CO.

1. SETTING ASIDE SERVICE ON CORPORATION.—There is no error in refus-
   ing a motion to set aside the service of a summons and complaint on
   a corporation when the person served testifies he was its agent and
   mailed the papers served on him to the corporation office and
   there is other proof tending to show the corporation held him out as
   its agent.

2. APPEAL—NEW TRIAL.—Objection that grounds urged on appeal to set aside a verdict were not mentioned in the motion papers served should be made on Circuit to merit consideration on appeal.

3. IBID.—JUDGMENT BY DEFAULT—SPECIAL DAMAGES.—Appeal does not lie from judgment by default except where the error goes to the foundation of plaintiff's alleged cause of action or to the authority of the Court to render the judgment. Under a complaint alleging only general damages and nothing on which special damages may be founded, proof and recovery of special damages vitiates a judgment by default.

4. JUDGMENT BY DEFAULT—DAMAGES—VERDICT.—Where the damages claimed in a default case are unliquidated and the proof although undisputed is such that men might reasonably differ as to the amount it is error to direct a verdict.

Before DEVORE, J., Sumter, March, 1911.    Reversed.

Action by Emanuel J. Gadsden against Home Fertilizer and Chemical Company.    Defendant appeals.

*Messrs. Purdy & Bland,* for appellant, cite: *Authority to collect is not implied from authority to sell:* 87 S. C. 194. *No cause of action stated:* 10 Rich. Eq. 245.    *Measure of damages:* 78 S. C. 427.

*Messrs. Lee & Moise,* contra, cite: *Person served was agent of defendant:* Code of Proc. 155; 33 S. C. 609. *Discretion referred to in section 195 Code of Procedure defined:* 41 N. W. 1010; 16 Pac. 345; 62 N. E. 107, 1028; 29 N. Y. 418; 38 Atl. 626; 41 Atl. 934. *Defendant in default has no right to move for new trial:* 14 S. C. 431; 15 S. C. 614; 41 S. C. 549; 62 S. C. 506; 70 S. C. 161; 6 Ency. P. & P. 126-7. *Decision on motion for new trial will not be disturbed except for abuse of discretion:* 14 Ency. P. & P. 978, 983. *Nor has default defendant any right to appeal:* 38 S. C. 556; 52 S. C. 307; 56 S. C. 28; 65 S. C. 129. *Motion to vacate is proper remedy against judgment by default:* 50 S. C. 491; Rule 77 C. C.

September 11, 1911.    The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.    This is an action for damages for breach of contract.    In substance, the complaint alleges : That, on January 18, 1910, defendant sold plaintiff five tons of fertilizer at the price of $144.60; that plaintiff paid $68.69, part of the agreed price, and defendant agreed to deliver the fertilizer at Claremont, but failed, after demand, to do so; that, relying upon defendant's performance of the contract, plaintiff prepared his land and made the other arrangements necessary to plant his crops of corn and cotton; but, by reason of defendant's breach of the contract, he was delayed in planting, and compelled to plant his crops without fertilization, to his damage $250.00; that defendant also refused, after demand, to return the money paid by plaintiff.    The prayer is for judgment for $318.69.

The defendant made default.    The claim for damages being unliquidated, under section 267 of the Code, the relief to be afforded had to be ascertained by the verdict of a jury.

The plaintiff gave testimony in support of the allegations of his complaint.    He testified that he planted about sixteen acres of corn and about thirty-two of cotton, and, that, in his opinion, he did not make more than half as much as he would have made, if defendant had furnished him the fertilizer according to the contract; that he had some fertilizer, and, if he had gotten that which he contracted for, he could have made nearly ten bales of cotton,— and might have made more, and he thought his damages amounted to $250.00.    That is the substance of the evidence as to damages.    The Court directed the jury to find a verdict for plaintiff for $318.69,—the sum demanded in the complaint.    Some days after the rendition of the verdict, but during the term, and before judgment was entered upon it, the defendant served notice of a motion to set aside the service of the summons and complaint, and, failing in that, to set aside the verdict and for a new trial, on the ground

that it had never been served with process and had had no notice of the action, until after the verdict. The motion was supported by an affidavit of the treasurer of the defendant company to the effect that Mr. T. S. Sumter, upon whom the summons and complaint was served as the agent of the defendant, which is a foreign corporation, was not, in fact, its agent. At the hearing of the motion, defendant's attorney stated that, if his motion to set aside the service was refused, he would move, on the minutes, to set aside the verdict, on the ground that there was no evidence to support the verdict for damages, and on the further ground that the Court erred in directing the verdict, instead of leaving it to the jury to find the amount of damages. The defendant undertook to prove by. Mr. Sumter that he was not its agent, but Mr. Sumter testified to the contrary,—that he was defendant's agent, and that, when the summons and complaint were served on him, he mailed them to defendant. There was other evidence tending to prove that he was defendant's agent, and that defendant had held him out as such. There was no error, therefore, in refusing to vacate the service.

Upon the motion to set aside the verdict on the grounds stated, the Court ruled that plaintiff having proved all the allegations of his complaint, and his testimony being undisputed; there was no error in directing the verdict, and refused the motion.

Before discussing the appeal from this ruling, it is necessary to dispose of an objection to its consideration by this Court, which has been interposed by respondent,—to wit, that the grounds stated were not mentioned in the written notice of the motion served upon him. This objection comes too late. These grounds were presented to and considered by the Circuit Court, without objection. If the objection made here had been made there, it might have been obviated. Hence, the ruling is properly before this Court.

The defendant appeals both from the order refusing its motion and also from the judgment. Ordinarily, no appeal lies from a judgment by default. *Odom* v. *Burch,* 52 S. C. 305, 29 S. E. 26. But where the defect in the judgment is radical,—that is, one which goes to the foundation of plaintiff's cause of action, or to the authority of the Court to render the judgment, it may be remedied by appeal. In *McMahon* v. *Pugh,* 62 S. C. 506, 40 S. E. 961, it was held that, in a default case, the Court can render any judgment to which the plaintiff is entitled under the facts alleged in his complaint, not inconsistent with the prayer thereof, and if there be error in granting relief beyond the scope of the allegations of the complaint, the remedy is by appeal. At page 510, the Court quotes with approval the following from Pomeroy: "If every fact necessary to the action is stated, the plaintiff may, even when no answer is put in, have any relief to which the facts entitle him, consistent with that demanded in the complaint." The authorities, with practical unanimity, agree that a default admits only what has been well pleaded, and that it does not forfeit or affect the rights of a defendant, except as to matters necessarily admitted by the default. 23 Cyc. 571. Therefore, if the complaint fails to state facts sufficient to constitute a cause of action, any judgment thereon, except one of dismissal, goes beyond the allegations of the complaint; and so, if the complaint states facts which entitled plaintiff only to a certain kind of relief, or to relief only to a certain extent, a judgment by default which gives a different kind of relief, or relief to a greater extent is without authority of law and cannot be sustained. In *Gillian* v. *Gillian,* 65 S. C. 129, 43 S. E. 386, Mr. Justice Gary, speaking for the Court, quotes with approval from 6 Enc. Pl. & Pr. 115, as follows: "The defendant, by waiving a contest and suffering a default to be taken against him, admits the truth of the allegations, set out in the plaintiff's declaration or complaint; and the same rule applies to a judgment final after overruling a demurrer.

Hence the default authorizes the entry of any judgment warranted by the facts alleged. And where the facts pleaded constitute a cause of action, the effect of the default is to establish it definitely. But the default does not admit that the facts pleaded are sufficient to constitute a cause of action, as the effect of the confession is limited to the material issuable facts well pleaded in the declaration or complaint. Nor does it admit an allegation which constitutes a mere conclusion of law. The facts pleaded must accordingly be sufficient to form a legal basis for the judgment taken by default, or it will be reversed on appeal or set aside on proper application. To the same effect, see 23 Cyc. 740, 752, 764. This doctrine is in conformity with section 169 of the Code, which provides that the defendant shall be deemed to have waived all the objections to the complaint which are specified in section 165, as grounds of demurrer, if the same are not taken either by demurrer or answer, except the objection to the jurisdiction of the Court, and the objection that the complaint does not state facts sufficient to constitute a cause of action. If the last named ground of objection is not waived by a failure to raise it either by demurrer or answer, it necessarily follows that it is not waived by a default, which is merely a failure to demur or answer.

The complaint in this case fails to state the facts necessary to entitle plaintiff to recover the special damages which were awarded by the verdict. In an action to recover damages for breach of contract, when the damages sought to be recovered are special, it is necessary to allege and prove that defendant had notice, at the time of making the contract, of the special circumstances from which such damages might reasonably be expected to result. *Towles* v. *R. Co.,* 83 S. C. 501, 65 S. E. 638. The complaint in this case contains no allegation, nor is there any evidence that defendant knew, when the contract was made, of the special use which plaintiff intended to make of the fertilizer, or of any scarcity of fertilizer which would prevent plaintiff from buying what

he needed from other dealers, if defendant failed to furnish it. *Matheson* v. *Ry.,* 79 S. C. 157, 60 S. E. 437. Therefore, the contention of appellant that, as to the damages recovered, the verdict is wholly unsupported by evidence must be sustained. While the motion on Circuit was not based on the ground that the complaint does not state facts sufficient to constitute a cause of action for the special damages found by the verdict, nevertheless, the ground taken that the verdict, as to the damages found, is without the support of any competent evidence, necessarily involves the insufficiency of the allegations of the complaint, because it is competent to prove only what is alleged, and, as the allegations are insufficient, necessarily the proof is also. Upon the complaint in this case, a judgment for special damages is without authority of law and cannot be sustained.

The Court erred also in directing the verdict. The statute requires that, when the damages sought to be recovered are not liquidated, the relief to be afforded, in default cases, shall be ascertained by the verdict of a jury. Code, sec. 267. If the Court may direct the verdict, in such cases, why may it not ascertain the relief to be afforded without the aid of a jury? But clearly it has no authority to do so, because the statute forbids it. Hence, the verdict is without authority of law, for it is no more than the finding of the Court. From this, it must not be inferred that the Court has no right to direct the verdict in any default case. It may direct the verdict in such cases upon the same grounds upon which it may direct a verdict in litigated cases; but when the damages are not liquidated, and the evidence, though undisputed, is of such a nature that men might reasonably differ as to the amount of damages, the question of amount must be submitted to the jury.

The judgment of this Court is that the judgment of the Circuit Court be reversed, unless plaintiff shall, within twenty days after notice of the filing of the remittitur in that Court, remit all of the judgment in excess of the sum of

$68.69, with interest thereon from January 18, 1910, and upon his doing so, the judgment of this Court is that the judgment of the Circuit Court be affirmed.