## 21228

MUTUAL SAVINGS AND LOAN ASSOCIATION, Plaintiff, v. James Glee McKENZIE, who is Appellant, and Eunice S. McKenzie, who is Respondent.

(266 S. E. (2d) 423)

*Martin S. Driggers,* of *Saleeby, Cox, Driggers & Bledsoe,* Hartsville, *for appellant.*

*A. E. Moorehead, III,* of *Swearingen & Morehead,* Florence, *for respondent.*

*J. Alex Stanton,* of *Shand, Lide & Stanton,* Hartsville, *for plaintiff.*

May 13, 1980.

GREGORY, Justice:

Appellant James Glee McKenzie and respondent Eunice S. McKenzie were named as defendants in this mortgage foreclosure action commenced by plaintiff Mutual Savings and Loan Association. The appeal is from an order denying appellant's motion to set aside a default judgment taken against him by respondent on a cross-complaint. We reverse.

On the day of their marriage appellant conveyed respondent a life estate interest in the subject property. Several days after the deed was recorded, appellant executed the mortgage plaintiff now seeks to foreclose. It erroneously stated appellant was a widower and unmarried. Respondent, unaware of appellant's action, executed neither the mortgage nor the renunciation of dower thereon.

The cross-complaint alleges appellant thereafter fraudulently misrepresented that he would convey respondent the

remainder interest free of the mortgage lien. Respondent is now the record title holder of both the life estate and the remainder interest, conveyed by a separate and subsequent deed which respondent affirmatively denies in her cross-complaint she ever accepted.

Respondent sought actual damages of $50,000.00 and punitive damages of $100,000.00 on the cross-claim. Having previously consented to the foreclosure action, appellant failed to timely respond to the cross-complaint. The lower court awarded respondent $42,816.96 actual damages and punitive damages of $50,000.00 after a default hearing. Appellant's timely motion to set aside the judgment was denied and this appeal followed.

One of several grounds asserted by appellant in support of setting aside the default judgment is that the cross-complaint fails to state a cause of action upon which relief could be granted. Since we agree the pleading insufficiently alleges actionable fraud, thereby rendering the relief obtained by respondent invalid, we need not reach the other grounds.

A party seeking a default judgment is entitled to only such relief as is framed by his pleading, and then only to the extent requested therein. See cases collected in 12 West's South Carolina Digest, *Judgment,* at Key Number 117; see also Section 15-35-70, Code of Laws of South Carolina (1976). It follows that if a complaint fails to state a cause of action, the rendering of a default judgment thereon is without authority of law and therefore reversible error. *Gadsden v. Home Fertilizer and Chemical Co.,* 89 S. C. 483, 72 S. E. 15 (1911) ; *Williams v. American Ry. Express Co.,* 118 S. C. 121, 110 S. E. 125 (1921).

The test for judging the adequacy of a pleading asserting fraud and deceit was stated by Mr. Justice Moss in the case of *Warr v. Carolina Power & Light Company,* 237 S. C. 121, 115 S. E. (2d) 799, 802 (1960) :

In this action for fraud and deceit, the respondent, in order to state a good cause of action, *must allege* (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity; (5) his intent that it should be acted upon by the person; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; (9) and his consequent and proximate injury. *Jones v. Cooper,* 234 S. C. 477, 109 S. E. (2d) 5; *Mishoe v. General Motors Acceptance Corporation,* 234 S. C. 182, 107 S. E. (2d) 43; *Outlaw v. Calhoun Life Ins. Co.* [236 S. C. 272,] S. C., 113 S. E. (2d) 817. *It is essential that the facts and circumstances which constitute the fraud should be set out clearly. Bookhart et al. v. Central Electric Co-op., Inc.,* 222 S. C. 289, 72 S. E. (2d) 576. The complaint must allege facts which would afford a basis upon which a jury could properly find support for each of the elements above set forth, and *if the complaint fails to allege facts to support any one of the elements of fraud and deceit, then the complaint is fatally defective. Jones v. Cooper, supra,* and *Able v. Equitable Life Assur. Society of United States,* 186 S. C. 381, 195 S. E. 652. (Emphasis added.)

While *Warr* was an appeal from the overruling of a demurrer to a complaint alleging fraud and deceit, the test enunciated for judging the adequacy of such a pleading is equally applicable to a consideration of a timely motion to set aside a default on the basis the pleading fails to state a cause of action. See *Gillian v. Gillian,* 65 S. C. 129, 43 S. E. 386 (1903).

Although here five of the nine elements are summarily plead is paragraph five of the cross-complaint,[1]

---

[1] "5. That she relied upon the representations made by the co-Defendant; that she had a right to rely upon the representations of the co-Defendant who is her husband and his agents; that the statements and representations made by the co-Defendant and his agents were material to the issues herein; that the said representations were false; that this defendant's reliance upon the statements of the co-Defendant and agents of the co-Defendant have damaged her. . . ."

nowhere in the pleading are the essential elements of appellant's intent that the representations be acted upon and respondent's ignorance of the falsity of the representations even alleged. Nor do the remaining allegations state a cause of action under another theory. See *Gordon-Gallup Realtors, Inc. v. Cincinnati Insurance Company,* S. C., 265 S. E. (2d) 38 (1980). It is essential the nine elements of fraud be reasonably inferable from the allegations of the pleading to state a good cause of action. *Outlaw v. Calhoun Life Insurance Company,* 236 S. C. 272, 113 S. E. (2d) 817 (1960). Here they are not.

Furthermore, respondent's factual assertion that she never accepted the deed defeats the element of reliance upon the representations so necessary to recovery. Had she relied on her husband's assurances, respondent would have accepted the deed to the remainder interest. Moreover, there can be no damage to her prior life estate as a result of the subordinate mortgage given by appellant as a remainderman.

In *Pilkington v. McBain,* S. C., 262 S. E. (2d) 916 (1980), we distinguished the case of *Hopkins v. Fidelity Insurance Company,* 240 S. C. 230, 125 S. E. (2d) 468 (1962) in holding a demurrer to an action for fraud should have been overruled because the element of damage was fairly gathered from the four corners of the complaint. In the instant case, as in *Hopkins,* the complaint shows on its face the damages plead could not have been suffered on the facts alleged.

The essential elements of reliance and damage are thus destroyed by the very allegations themselves, to which appellant is bound. *Elrod v. All,* 243 S. C. 425, 134 S. E. (2d) 410 (1964) ; *Blakely v. Wright,* 269 S. C. 6, 235 S. E. (2d) 803 (1977). This is equally as fatal to the viability of the cross-complaint, which simply fails to state a cause of action upon which a default judgment may be taken.

Accordingly, the order denying appellant's motion to set aside the default judgment is reversed and the judgment vacated.

Reversed and Vacated.

LITTLEJOHN, NESS and RHODES, JJ., concur.

LEWIS, C. J., not participating.