572 S.E.2d 452

**Dan B. KENNEDY and Christine Marilyn Kennedy, Petitioners,**

**v.**

**George C. BEDENBAUGH, Respondent.**

**No. 25553.**

Supreme Court of South Carolina.

Heard June 12, 2002.

Decided Nov. 12, 2002.

Kenneth W. Ebener, of Moore, Taylor, & Thomas, P.A., of West Columbia, for petitioners.

Joseph W. Hudgens, of Pope & Hudgens, of Newberry, for respondent.

Justice MOORE:

We granted this petition for a writ of certiorari to determine whether the unity of title needed to establish an easement by necessity can exist where a person owns one tract of land in fee simple and an adjoining tract of land with another person as tenants in common. We find unity of title is not so established and affirm the Court of Appeals.

## FACTS

Petitioners and respondent are adjoining landowners of property. Respondent's tract and petitioners' tract (hereinafter referred to as the land-locked tract) were originally joined as one piece of property owned by Jacob Lindler.

In 1884, Lindler conveyed the land-locked tract to S.B. Holley alone. The deed mentions that the tract has a right of way to reach a road. In 1888 and 1889, Lindler conveyed two tracts (respondent's tract), which adjoined the land-locked tract, to S.B. Holley and his wife, C.D. Holley.

In 1908, C.D. Holley died. At the time of her death, she and S.B. Holley owned respondent's tract as tenants in common.[1] By the terms of C.D. Holley's will, she devised her interest in respondent's tract to S.B. Holley for life. At his death, the Will directed that the property be sold and the proceeds equally divided among her children and a granddaughter, Carrie Parrot.

---

[1]. Tenancy in common is "[a] form of ownership whereby each tenant (*i.e.*, owner) holds an undivided interest in property.... The interest of a tenant in common does not terminate upon his or her prior death (*i.e.*, there is no right of survivorship)." *Black's Law Dictionary* 1022 (Abridged 6th Ed.1991).

S.B. Holley subsequently remarried and later died in 1917. By his Will, he devised one-third of his interest in respondent's tract to his second wife, Mary Louise Holley. He also devised a life estate in the land-locked tract to Mary Louise Holley with the remainder to his granddaughter, Carrie Parrot West (formerly Carrie Parrot) and her husband, Nolan West. The residuary clause was in favor of his children and Carrie Parrot West.

Following the deaths of C.D. Holley and S.B. Holley, the ownership of the tracts was: (1) respondent's tract: one-sixth undivided interest in Mary Louise Holley and five-sixths undivided interest in the children of S.B. and C.D. Holley and their granddaughter, Carrie Parrot West; (2) land-locked tract: a life estate in Mary Louise Holley with remainder in Carrie and Nolan West.

Thereafter, in 1918, respondent's tract was conveyed to John A. Smith.[2] Smith subsequently conveyed the tract to respondent in 1972. As for the land-locked tract, in 1923, Mary Louise Holley surrendered her life estate to Carrie Parrot West. West and her husband then conveyed the property to the Lexington Water Power Company in 1928. After six more owners, the land-locked tract was conveyed to petitioners in 1989.

Petitioners brought this action seeking an easement by necessity over property of several adjoining landowners, including respondent.[3] Both parties moved for summary judgment. The trial court found respondent was entitled to summary judgment on the ground that there was not the requisite unity of title, severance, and necessity at the time of severance to give rise to an easement by necessity.

The Court of Appeals affirmed. *Kennedy v. Bedenbaugh*, Op. No.2000–UP–288 (S.C. Ct.App. filed April 18, 2000). The Court of Appeals found S.B. Holley's ownership did not meet the requirements of unity of title because he owned respondent's tract with his wife, C.D. Holley, as tenants in common,

---

2. An action, known as the *Oxiner* action, was brought to approve this sale because Carrie Parrot West was a minor at the time. Carrie appeared by guardian ad litem and stated the sale should be approved.

3. All other defendants were subsequently dismissed from the action.

and therefore, did not have absolute ownership of both tracts at the same time. Further, the only severance that occurred while there was the requisite unity of title was Lindler's conveyances of the two tracts at different times to different grantees. However, at this time there was no necessity for a right of way because Lindler had granted S.B. Holley a right of way to a road that apparently no longer exists. Accordingly, the Court of Appeals concluded the trial court had properly granted respondent's motion for summary judgment.

## ISSUE

Whether the unity of title needed to establish an easement by necessity can exist where a person owns one tract of land in fee simple and an adjoining tract of land with another person as tenants in common?

## DISCUSSION

"From the earliest period of our judicial history the acquisition of an easement of right of way over another's land, by necessity, has been clearly recognized and protected." *Brasington v. Williams,* 143 S.C. 223, 238, 141 S.E. 375, 380 (1927). The legal requirements of an easement by necessity are: (1) unity of title, (2) severance of title, and (3) necessity. *Id.* To establish unity of title, the owner of the dominant estate must show that his land and that of the owner of the servient estate once belonged to the same person. *Id.* In other words, petitioners have to show that their land-locked tract and respondent's tract were, at one time, owned by the same owner.

While the tracts were at one time both owned by Jacob Lindler, this is not the time at which an easement by necessity could have arisen. Lindler conveyed the land-locked tract to S.B. Holley. The deed conveying the land-locked tract mentions that S.B. Holley's interest includes a right of way to a road. Therefore, an easement by necessity could not have arisen at the time Lindler conveyed the land-locked tract to S.B. Holley because S.B. Holley had access to a road from the land-locked tract.

Therefore, we must determine whether there is another time at which unity of title existed. Petitioners contend unity of title existed when S.B. Holley owned the land-locked tract in fee simple and owned respondent's tract with his wife, C.D. Holley, as tenants in common. However, unity of title did not exist at this time.

For unity of title to exist there must have been an absolute ownership of both tracts of land. *See* 25 Am.Jur.2d *Easements and Licenses* § 39 (1996) (must have been absolute ownership of both tracts). *See also Potter v. Potter,* 251 N.C. 760, 112 S.E.2d 569, 572 (1960) (unity of title must have amounted to absolute ownership of both quasi-dominant and quasi-servient tenements); *Bradley v. Bradley,* 245 N.C. 483, 96 S.E.2d 417, 420 (1957) (same). S.B. Holley's holding of respondent's tract as a tenant in common did not make him an absolute owner of that tract. Without a right of survivorship,[4] upon C.D. Holley's death, her one-half undivided interest in respondent's tract went to her heirs, not to her husband.[5] Accordingly, holding one tract in fee simple and the other tract as a tenant in common does not meet the requisite unity of title needed for an easement by necessity to be created. *See* 25 Am.Jur.2d *Easements and Licenses* § 39 (way of necessity does not arise, for example, where grantor merely owned undivided interest in land over which right is claimed); 28A C.J.S. *Easements* § 94 (1996) (right of way of necessity does not exist over land owned by grantor as tenant in common, or in favor of land formerly held jointly or in common by grantor); 94 A.L.R.3d *Unity of Title for Easement by Implication* § 10 (1979) (insufficient unity of title to support, upon severance, an easement by necessity where alleged common owner of relevant parcels held only an undivided interest in common in one of parcels). *See also Gray v. Magee,* 108 Cal.App. 570, 292 P. 157 (1930) (right to easement by necessity does not arise when only interest of grantor in

---

**4.** There is no right of survivorship as between co-tenants unless the parties attach such a right. *See Davis v. Davis,* 223 S.C. 182, 75 S.E.2d 46 (1953); 86 C.J.S. *Tenancy in Common* § 5 (1997).

**5.** S.B. Holley received a life estate of C.D. Holley's interest in respondent's tract upon her death. However, his interest was limited to the duration of his life, and, as a result, does not qualify as absolute ownership.

adjoining land over which right of way is claimed is that of co-tenant with other parties); *Garvin v. New York*, 116 Misc. 408, 190 N.Y.S. 143 (N.Y.Ct.Cl.1921) (one cannot have right of way of necessity over land which grantor never owned except as tenant in common). *Cf. Reed v. West*, 82 Mass. 283 (1860) (plaintiff's fee ownership of dominant tract and tenancy in common ownership of servient tract did not create unity of title such that use of easement by prescription over servient tract was extinguished).

## CONCLUSION

■ We find the trial court properly granted respondent's motion for summary judgment because the unity of title needed to establish an easement by necessity does not exist where a person owns one tract of land in fee simple and an adjoining tract of land with another person as tenants in common. *See Garvin v. Bi–Lo, Inc.*, 343 S.C. 625, 541 S.E.2d 831 (2001) (summary judgment is appropriate when it is clear there is no genuine issue of material fact and conclusions and inferences to be drawn from facts are undisputed). Given our conclusion that summary judgment was properly granted on this ground, we need not address petitioner's argument that the additional grounds cited by the trial court for granting summary judgment were improper. Consequently, the decision of the Court of Appeals is **AFFIRMED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.