THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Christina Samuel, Individually and as Parent, Guardian, and Next of Kin 
 of Chynna Samuel Durant,        Appellant,
 
 
 

v.

 
 
 
Harvey Brown, M.D. and Professional Obstetrics and Gynecology, P.A.,       
Respondents.
 
 
 

Appeal From Darlington County
Sidney T. Floyd, Circuit Court Judge

Unpublished Opinion No. 2003-UP-751
Submitted October 15, 2003  Filed December 18, 2003 

AFFIRMED

 
 
 
James H. Dickey, of Atlanta, for Appellant.
David W. Overstreet Esquire, Robert H. Hood Esquire, Deborah 
 Sheffield, of Charleston, for Respondents.
 
 
 

PER CURIAM:  In this action for medical malpractice, 
 Christine Samuel, individually and as parent, guardian, and next of kin of Chynna 
 Samuel Durant, appeals from the order of the trial court granting Harvey N. 
 Brown, M.D. and Professional Obstetrics and Gynecology, P.A., summary judgment 
 and dismissing her cause of action for failure to prosecute.  We affirm pursuant 
 to Rule 220, SCACR and the following authorities:  
Issue I.:  Baughman v. American Tel. and Tel. Co., 
 306 S.C. 101, 115, 410 S.E.2d 537, 545 (1991) (stating that once the party seeking 
 summary judgment meets the initial burden of demonstrating the absence of a 
 genuine issue of material fact, the opposing party must do more than simply 
 show that there is some metaphysical doubt as to the material facts but must 
 come forward with specific facts showing that there is a genuine issue for 
 trial.) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 
 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 552 (1986)) (emphasis 
 in original); Gooding v. St. Francis Xavier Hosp., 326 S.C. 248, 254, 
 487 S.E.2d 596, 599 (1997) (stating that to sustain a cause of action in a medical 
 malpractice case, the plaintiff must use expert testimony to establish both 
 the standard of care and the defendants failure to conform to that standard 
 unless the subject is a matter of common knowledge); Bayle v. South Carolina 
 Dept of Transp., 344 S.C. 115, 128, 542 S.E.2d 736, 742 (Ct. App. 2001) 
 (stating the trial courts rulings in matters involving discovery will not be 
 disturbed on appeal absent a clear showing of an abuse of discretion); Dawkins 
 v. Fields, 354 S.C. 58, 69, 580 S.E.2d 433, 439 (2003) (nonmoving party 
 must demonstrate that further discovery will likely uncover additional relevant 
 evidence); In re Thames, 344 S.C. 564, 571, 544 S.E.2d 854, 857 (Ct. 
 App. 2001) (stating appellant has the burden of convincing this court that the 
 trial judge committed error); Wilder Corp. v. Wilke, 330 S.C. 71, 76, 
 497 S.E.2d 731, 733 (1998) (stating issue must have been raised to and ruled 
 upon by the trial judge to be preserved for appellate review).
Issue II.:  Kennedy v. Bedenbaugh, 352 S.C. 
 56, 62, 572 S.E.2d 452, 455 (2002) (holding the court did not need to address 
 petitioners argument that the additional grounds cited by the trial court for 
 granting summary judgment were improper where court had concluded summary judgment 
 was properly granted on another ground).
Issue III.:  Jackson v. Speed, 326 S.C. 289, 
 309, 486 S.E.2d 750, 760 (1997) (A motion for continuance is within the sound 
 discretion of the trial court and the ruling will not be reversed without a 
 clear showing of abuse.); Carlyle v. Tuomey Hosp., 305 S.C. 187, 407 
 S.E.2d 630 (1991) (stating proof that an error caused the appellant prejudice 
 is a prerequisite to reversal based on error where the trial courts discretion 
 is involved). 
Issue IV.:  Wilder Corp. v. Wilke, 330 S.C. 
 71, 76, 497 S.E.2d 731, 733 (1998) (It is axiomatic that an issue cannot be 
 raised for the first time on appeal, but must have been raised to and ruled 
 upon by the trial judge to be preserved for appellate review.); McKissick 
 v. J.F. Cleckley & Co., 325 S.C. 327, 350, 479 S.E.2d 67, 78 (Ct. App. 
 1996) (An appellant seeking reversal must show error and prejudice); McCall 
 v. Finley, 294 S.C. 1, 362 S.E.2d 26 (Ct. App. 1987) (stating appellate 
 courts should recognize an overriding rule of civil procedure which says whatever 
 doesnt make any difference, doesnt matter).
AFFIRMED.
HUFF, STILWELL, and BEATTY, JJ., concur.