**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Thelma Smalls David, Bernard Brown, Benjamin Smalls, Edward Brown, Nicolette James, Robert Brown, Thomas Brown, and Debra Commodore, Appellants,

v.

Donna Lee Cox, Robert R. Cox, Jr., Shawn Thackeray, and Lowcountry Highlanders Farm LLC, Respondents,

And

Bohicket Farms, LLC, Intervenor.

Appellate Case No. 2020-000955

———————

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

———————

Unpublished Opinion No. 2022-UP-457
Submitted November 1, 2022 – Filed December 14, 2022

———————

**AFFIRMED**

———————

Arthur C. McFarland, of The Law Ofc of Arthur C. McFarland, of Charleston, for Appellants.

Ian S. Ford and Ainsley Fisher Tillman, both of Ford
Wallace Thomson LLC, of Charleston, for Respondents
Donna Lee Cox and Robert R. Cox, Jr.

G. Dana Sinkler, of Gibbs & Holmes, of Wadmalaw
Island; and Riley Augustus Bradham, of Bradham Law
Firm, of Charleston, both for Respondents Shawn
Thackeray and Lowcountry Highlanders Farm LLC.

---

**PER CURIAM:**  Thelma Smalls David, Benjamin Smalls, Bernard Brown, Nicolette James, Debra Commodore, Thomas Brown, Robert Brown, and Edward Brown (collectively, the Brown titleholders)[1] appeal the master's order finding they did not have an easement over a road (the Blue Road), on the property of Donna Lee Cox and Robert Cox (the Coxes).  On appeal, the Brown titleholders argue the master erred by failing to find (1) they established they had a prescriptive easement in the Blue Road; (2) the original prescriptive easement in a different road (the Red Road) was relocated by agreement with the Coxes' predecessor in title; and (3) in the alternative, they had an easement by necessity. We affirm.

1.  We hold the Brown titleholders failed to prove the existence of a prescriptive easement in the Blue Road by clear and convincing evidence.  *See Pittman v. Lowther*, 363 S.C. 47, 50, 610 S.E.2d 479, 480 (2005) ("The determination of the existence of an easement is a question of fact in a law action and subject to an any evidence standard of review when tried by a judge without a jury."); *Bundy v. Shirley*, 412 S.C. 292, 306, 772 S.E.2d 163, 170 (2015) ("[A] party claiming a prescriptive easement has the burden of proving all elements by clear and convincing evidence."); *id*. at 310, 772 S.E.2d at 173 ("[P]ermissive use can never ripen into a prescriptive easement.").

2.  We hold the issue of whether the Brown titleholders ever held an easement of any kind over the Red Road that was relocated and transferred to the Blue Road is not preserved for appellate review because it was not ruled upon by the master. *See Cowburn v. Leventis*, 366 S.C. 20, 41, 619 S.E.2d 437, 449 (Ct. App. 2005) ("When a trial court makes a general ruling on an issue, but does not address the specific argument raised by a party, that party must make a Rule 59(e)[, SCRCP]

---

[1] Although many of the titleholders share the same last name, they are not all related, nor were their properties originally unified.

motion asking the trial court to rule on the issue in order to preserve it for appeal.").

3.  The Brown titleholders only challenged the master's finding as to the element of necessity—not his findings that they lacked unity of title or severance of title from a common tract with the Coxes. *See Boyd v. BellSouth Tel. Tel. Co.*, 369 S.C. 410, 418-19, 633 S.E.2d 136, 140-41 (2006) ("The party asserting the right of an easement by necessity must demonstrate: (1) unity of title, (2) severance of title, and (3) necessity."); *Kennedy v. Bedenbaugh*, 352 S.C. 56, 60, 572 S.E.2d 452, 454 (2002) ("To establish unity of title, the owner of the dominant estate must show that his land and that of the owner of the servient estate once belonged to the same person."); *Paine Gayle Props., LLC v. CSX Transp., Inc.*, 400 S.C. 568, 589, 735 S.E.2d 528, 539 (Ct. App. 2012) ("Severance of title means that title to a larger tract was 'severed' by conveyance of a part to the plaintiff's predecessor in title and of a part to the defendant's predecessor in title; 'they both claim, from a common source, different parts of the integral tract, which necessarily assumes a severance.'" (quoting *Brasington v. Williams*, 143 S.C. 223, 246, 141 S.E. 375, 382 (1927))).  Accordingly, the findings as to those elements are the law of the case. *See Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) ("[A]n unappealed ruling, right or wrong, is the law of the case.").

**AFFIRMED.**[2]

**WILLIAMS, C.J., THOMAS, J., and LOCKEMY, A.J., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.