**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Johnnie Cordero, Appellant,

v.

Valerie Moore, in her official capacity as Chair of The Richland County Democratic Party; The Richland County Democratic Party; Christale Spain, in her official capacity as Chair of The South Carolina Democratic Party; and The South Carolina Democratic Party, Respondents.

Appellate Case No. 2021-000804

————————

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

————————

Unpublished Opinion No. 2024-UP-183
Submitted May 8, 2024 – Filed May 22, 2024

————————

**AFFIRMED**

————————

Johnnie Cordero, of Columbia, pro se.

Grant Burnette LeFever and Nekki Shutt, both of Burnette Shutt & McDaniel, PA, of Columbia, for Respondents.

————————

**PER CURIAM:**  Johnnie Cordero appeals a circuit court order dismissing his action for declaratory and injunctive relief against The Richland County Democratic Party, The South Carolina Democratic party, and their respective chairs (collectively, Respondents) and denying his motion for a default judgment. Cordero claimed Respondents, in authorizing the Richland County Democratic Party and the South Carolina Democratic Party to hold virtual conventions and accept mail-in ballots in 2020, violated sections 7-9-70, 7-9-80, and 7-9-100 of the South Carolina Code (2019).[1]  We affirm pursuant to Rule 220(b), SCACR.

We agree with the circuit court's decision to dismiss Cordero's action pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure because (1) the statutes Cordero claimed were violated did not provide for a private right of action and (2) the public importance exception to standing was inapplicable here.  *See Carnival Corp. v. Historic Ansonborough Neighborhood Ass'n*, 407 S.C. 67, 80-81, 753 S.E.2d 846, 853 (2014) (dismissing an action under Rule 12(b)(6), SCRCP, because the public importance exception could not be applied to remedy the plaintiffs' lack of standing); *Doe v. Marion*, 373 S.C. 390, 401, 645 S.E.2d 245, 251 (2007) (affirming the dismissal of a negligence action pursuant to Rule 12(b)(6) because the statute on which the action was based did not create a private right of action for negligence per se).

The statutes that Cordero alleges were violated do not create a private right of action and were not enacted for the special benefit of a private party; therefore, the circuit court correctly determined he had no private right of action to enforce them.[2]  *See Denson v. Nat'l Cas. Co.*, 439 S.C. 142, 151-52, 886 S.E.2d 228, 233 (2023) ("Generally, when a statute does not expressly create civil liability, a duty

---

[1] Section 7-9-70 was amended in 2021; however, we refer to the version in effect when the actions giving rise to Cordero's lawsuit took place.

[2] Cordero argues on appeal that he did not seek to challenge or enforce any statute; rather, he sued under the Uniform Declaratory Judgments Act and Rule 65(c), SCRCP, for a declaration that Respondents failed to comply with mandatory statutory provisions regarding state elections.  However, Cordero failed to raise this argument to the circuit court either during the hearing, in the memorandum he filed after the hearing, or in a post-trial motion to alter or amend; therefore, we hold this issue was not preserved for appeal.  *See Easterling v. Burger King Corp.*, 416 S.C. 437, 453, 786 S.E.2d 443, 451 (Ct. App. 2016) (declining to address an issue in the appellant's brief because the appellant failed to raise it in his memorandum in opposition to the respondent's summary judgment motion, at the summary judgment hearing, or in his motion to alter or amend).

will not be implied unless the statute was enacted for the special benefit of a private party.").

We also reject Cordero's argument that he has taxpayer standing to bring his lawsuit because his complaint raised issues of public importance and require resolution for future guidance. *See ATC S., Inc. v. Charleston Cnty.*, 380 S.C. 191, 199, 669 S.E.2d 337, 341 (2008) ("The key to the public importance analysis is whether a resolution is needed for future guidance."). During the hearing on their motion to dismiss, Respondents asserted they authorized the virtual conventions and mail-in ballots in order to comply with executive orders issued by the governor of South Carolina at the beginning of the global COVID-19 pandemic. The circuit court found these orders prohibited Respondents "from conducting a convention in person in the ordinary and traditional manner."[3] We also note the orders were issued by the governor pursuant to his statutory power to proclaim an emergency when necessary and to issue and enforce directives to prevent danger when such a proclamation is issued. *See* S.C. Code Ann. § 1-3-420 (2005) (authorizing the

---

[3] *See, e.g.*, Executive Order No. 2020-08 at 2 (March 13, 2020) (declaring a state of emergency in response to COVID-19); Executive Order No. 2020-09 at 2 (March 15, 2020) (directing the postponement and rescheduling of "any election, to include special, county, and municipal elections, scheduled to be held in this state or conducted by any agency, department, or political subdivision thereof, on or before May 1, 2020"); *id.* (urging "that indoor and outdoor public gatherings be cancelled, postponed, or rescheduled, to the extent possible, or limited so as not to exceed one hundred . . . people"); Executive Order No. 2020-10 at 4 (March 17, 2020) (prohibiting and directing "the postponement, rescheduling, or cancellation as applicable, of any organized event or public gathering scheduled to be hosted or held at any location or facility owned or operated by the State of South Carolina, or any political subdivision thereof, beginning Wednesday, March 18, 2020, through Tuesday, March 31, 2020").

In his brief, Cordero appears to argue the emergency measures that prompted Respondents' decisions to allow virtual conventions and mail-in ballots violated the separation of powers doctrine; however, he did not make this argument during the circuit court proceedings or file a post-trial motion for a ruling on it. Therefore, we hold this issue is not properly before this court. *See Easterling*, 416 S.C. at 453, 786 S.E.2d at 451 (declining to address an issue in the appellant's brief because the appellant failed to raise it in his memorandum in opposition to the respondent's summary judgment motion, at the summary judgment hearing, or in his motion to alter or amend).

governor of South Carolina to proclaim an emergency and providing the proclamation "is effective upon issuance" and remains "in full force and effect until revoked"); § 1-3-430 (2005) (authorizing the governor, in cases when a proclamation is issued pursuant to section 1-3-420, to issue and enforce subsequent orders to prevent or minimize danger). Because there is settled law on the issues Cordero raised in his lawsuit, the circuit court correctly determined it could make no rulings that would provide future guidance that heretofore had been unavailable.

Based on our decision to uphold the dismissal of Cordero's lawsuit for failure to state a cause of action upon which relief can be granted, we need not address Cordero's argument that he was entitled to a default judgment. *See Mut. Sav. & Loan Assoc. v. McKenzie*, 274 S.C. 630, 632, 266 S.E.2d 423, 424 (1980) ("[I]f a complaint fails to state a cause of action, the rendering of a default judgment thereon is without authority of law and therefore reversible error."); *Masters v. Rodgers Dev. Grp.*, 283 S.C. 251, 254, 321 S.E.2d 194, 196 (Ct. App. 1984) ("An objection that the complaint does not state facts sufficient to constitute a cause of action is not waived by a default."). Similarly, because we have affirmed the dismissal of Cordero's action pursuant to Rule 12(b)(6), we decline to address the question of whether the circuit court correctly determined it was moot. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating that when a prior issue is dispositive of an appeal, the appellate court does not need to address any remaining issues).

**AFFIRMED.**[4]

**GEATHERS, HEWITT, and VINSON, JJ., concur.**

---

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.