**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

3D Land Holdings, LLC, Respondent,

v.

Willis J. Johnson, Virginia Smith, Marcella Coachman, Toni Owens, Brandon L. Carr and Henry Lee Green, Appellants.

Appellate Case No. 2022-001145

Appeal From Georgetown County
Joe M. Crosby, Master-in-Equity

Unpublished Opinion No. 2024-UP-255
Submitted April 1, 2024 – Filed July 17, 2024

**REVERSED AND VACATED**

Cynthia Ranck Person, of Keep It Green Advocacy, Inc., of Pawleys Island, for Appellants.

Daniel W. Stacy, Jr., of Pawleys Island, for Respondent.

**PER CURIAM:** In this property dispute, Brandon L. Carr, Marcella Coachman, Henry Lee Green, Willis J. Johnson, Toni Owens, and Virginia Smith (collectively, the Coachman Family) appeal the master-in-equity's order granting 3D Land

Holdings, LLC (3D) a prescriptive easement for right of access to a dirt road on the Coachman Family's property. We reverse and vacate the master's order.

"A party seeking a default judgment is entitled to only such relief as is framed by his pleading, and then only to the extent requested therein." *Mut. Sav. & Loan Ass'n v. McKenzie*, 274 S.C. 630, 632, 266 S.E.2d 423, 424 (1980). "It follows that if a complaint fails to state a cause of action, the rendering of a default judgment thereon is without authority of law and therefore reversible error." *Id.*

> [T]he default does not admit that the facts pleaded are sufficient to constitute a cause of action, as the effect of the confession is limited to the material issuable facts well pleaded in the declaration or complaint. Nor does it admit an allegation which constitutes a mere conclusion of law. The facts pleaded must accordingly be sufficient to form a legal basis for the judgment taken by default, or it will be reversed on appeal or set aside on proper application.

*Gadsden v. Home Fertilizer & Chem. Co.*, 89 S.C. 483, 488, 72 S.E. 15, 17 (1911) (quoting *Gillian v. Gillian*, 65 S.C. 129, 43 S.E. 386 (1903)).

We find 3D's complaint insufficiently alleges claims for an easement by necessity or by prescription. *See Beverly v. Grand Strand Reg'l Med. Ctr., LLC*, 435 S.C. 594, 598, 869 S.E.2d 812, 815 (2022) ("Rule 12(b)(6) permits a party to assert by motion the defense that a claim 'fail[s] to state facts sufficient to constitute a cause of action.'" (quoting Rule 12(b)(6), SCRCP)). Viewing the facts in a light most favorable to 3D, the complaint, at most, alleges that 3D's immediate predecessor-in-title obtained title to the property in October 2019; the thirty-foot road provides the only means of access to the property; that "said means of access has been utilized for many years"; and that 3D has utilized the road since acquiring the property in 2021 and such use has not been challenged by the Coachman Family. Considering the elements required to assert either type of easement, 3D's complaint fails to plead a cause of action upon which relief can be granted. *See Boyd v. Bellsouth Tel. Tel. Co.*, 369 S.C. 410, 418–19, 633 S.E.2d 136, 140–41 (2006) ("The party asserting the right of an easement by necessity must demonstrate: (1) unity of title, (2) severance of title, and (3) necessity."); *Paine Gayle Props., LLC v. CSX Transp., Inc.*, 400 S.C. 568, 589, 735 S.E.2d 528, 539 (Ct. App. 2012) ("To establish unity of title, the owner of the dominant estate must show that his land and that of the owner of the servient estate once belonged to the

same person." (quoting *Kennedy v. Bedenbaugh*, 352 S.C. 56, 60, 572 S.E.2d 452, 454 (2002))); *Simmons v. Berkeley Elec. Coop., Inc.*, 419 S.C. 223, 233, 797 S.E.2d 387, 392 (2016) ("In order to establish a prescriptive easement, the claimant must identify the thing enjoyed, and show his use has been open, notorious, *continuous*, *uninterrupted*, and contrary to the true property owner's rights for a period of *twenty years*." (emphases added)); *Bundy v. Shirley*, 412 S.C. 292, 306, 772 S.E.2d 163, 170 (2015) ("[A] claimant seeking a prescriptive easement must be held to a *strict* standard of proof." (emphasis added)); *id.* ("[A] party claiming a prescriptive easement has the burden of proving all elements by *clear and convincing evidence*." (emphasis added)); *Carolina Ctr. Bldg. Corp. v. Enmark Stations, Inc.*, 433 S.C. 144, 155, 857 S.E.2d 16, 22 (Ct. App. 2021) ("To satisfy the twenty-year prescriptive period, the claimant can tack his use to use by prior owners, provided the prior owners' use *also satisfies* the prescriptive easement elements." (emphasis added)).  Therefore, we reverse the master's order and vacate the granted declaratory relief of a prescriptive easement to 3D.  *See McKenzie*, 274 S.C. at 632, 266 S.E.2d at 424 ("It follows that if a complaint fails to state a cause of action, the rendering of a default judgment thereon is without authority of law and therefore reversible error.").

**REVERSED AND VACATED.**[1]

**WILLIAMS, C.J., and KONDUROS and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.